IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2018

## STATE OF TENNESSEE v. ASHLEY JUVINALL

**Appeal from the Circuit Court for Sevier County
Nos. 22059 & 22079-III    Rex Henry Ogle, Judge**

_____

### No. E2017-01906-CCA-R3-CD
_____

The Defendant, Ashley Juvinall, pleaded guilty to theft of property valued over $1,000, theft of property valued over $500 but less than $1,000, theft of property valued under $500, and fraudulent use of a credit card in exchange for an effective sentence of four years, eleven months, and twenty-nine days to be served on supervised probation. A probation violation warrant was issued alleging multiple violations and, after a hearing, the trial court revoked the Defendant's probation sentence, ordering that she serve her sentence in confinement. On appeal, the Defendant asserts that the trial court abused its discretion when it revoked her probation sentence. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Susan H. Harmon, Sevierville, Tennessee, for the appellant, Ashley Juvinall.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; James B. Dunn, District Attorney General; and R. Patrick Harrell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

On December 6, 2016, the Defendant entered guilty pleas to theft of property valued over $1,000, theft of property valued over $500 but less than $1,000, theft of property valued under $500, and fraudulent use of a credit card. Pursuant to the agreement, the trial court sentenced the Defendant to serve four years, eleven months, and twenty-nine days on supervised probation. In July 2017, the Defendant's probation

officer filed a probation violation report, alleging that the Defendant had violated the terms of her probation sentence by failing to report, failing to complete Relapse Prevention, and failing to submit to an ordered drug screen on May 1, 2017. The report also alleged that the Defendant tested positive for morphine and oxycodone on April 20, 2017, morphine on May 2, 2017, and cocaine and morphine on May 15, 2017. The trial court issued a probation violation warrant, and a hearing was held on the allegations.

At the probation violation hearing, the Defendant pleaded guilty to violating the terms of her probation. Keith Vincent, the Defendant's probation officer, testified that the Defendant failed to report after being discharged unsuccessfully from Crossville Mission Bible Center on June 6, 2017. The Defendant also failed to complete "Relapse Prevention," tested presumptively positive for morphine and oxycodone on April 20, 2017, and signed an "admission of use." He stated that the Defendant failed to submit to a drug screen on May 1, 2017, and tested presumptively positive on May 2, 2017, for morphine. Mr. Vincent noted that the May 2, 2017 sample was "not large enough to send for confirmation." The Defendant also tested positive on May 15, 2017, for cocaine and morphine.

Mr. Vincent testified that, initially, it was "recommended" that the Defendant participate in "Relapse Prevention." Thereafter, the Defendant entered inpatient treatment following hospitalization for an "almost overdose." The Defendant remained in "detox" for approximately seven days before transferring to Crossville Mission Bible School for treatment. Mr. Vincent stated that the Defendant was admitted on June 14, 2017, and discharged on June 25, 2017, before successful completion.

On cross-examination, Mr. Vincent testified that only one of the drug screens was sent for lab confirmation. He explained that the other samples were not sent due to insufficient amounts for testing. When asked about the Defendant's compliance with probation before her hospitalization, Mr. Vincent said that the Defendant had failed to report on one occasion and failed to complete "Prosocial Life Skills," as she had been ordered to do.

The Defendant testified that she did not complete the treatment at Crossville Mission Bible School because "[i]t was just not for [her]. . . . [I]t was a little more intensive. . . . [And she] was very uncomfortable there." The Defendant said that the environment was "[l]ike a cult." The Defendant explained her relapse, saying that she began dating a man that she "shouldn't have." She said that he provided her with drugs, and she felt coerced to use them. She said that this man, at the time of the probation violation hearing, was in jail for aggravated assault against her. The Defendant stated that she had been "clean" for thirty-five days, the duration of her incarceration. The Defendant confirmed that she had one child of whom she had joint custody. The

Defendant confirmed that she wanted to undergo intensive outpatient treatment in an effort to better herself.

After hearing the evidence, the trial court, made the following findings:

Based on the evidence the court has heard, her admission of guilt, the circumstances surrounding her discharge from treatment, the fact that she cannot seem to stay clean outside of jail, in fact she has stayed clean in jail, that she is living proof that she needs to be incarcerated until she learns to stay clean. The court is going to revoke her probation and order her to execute her sentence.

It is from this judgment the Defendant now appeals.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion when it revoked her probation. She also alleges that the trial court predetermined her sentence on the day of the probation violation hearing. The State responds that the trial court acted within its discretion when, after determining that the Defendant had violated the terms of her probation, it revoked the probation sentence. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation

has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. First, the Defendant pleaded guilty to the violations. The Defendant's admission of a violation has itself been held to be "substantial evidence" that the violation took place. *State v. Glendall D. Verner*, No. M2014-02339-CCA-R3-CD, 2016 WL 3192819, at *7 (Tenn. Crim. App., at Nashville, May 31, 2016), *perm. app. denied* (Tenn. Sept. 30, 2016) (citing *State v. Yvonne Burnette*, No. 03C01-9608-CR-00314, 1997 WL 414979, at *2 (Tenn. Crim. App., at Knoxville, July 25, 1997); *see State v. Zantuan A. Horton*, No. M2014-02541-CCA-R3-CD, 2015 WL 4536265, at *3 (Tenn. Crim. App., at Nashville, July 28, 2015) (stating that a defendant who admitted violating the terms of his probation conceded an adequate basis for finding of a violation); *State v. Gordon Herman Braden, III*, No. M2014-01402-CCA-R3-CD, 2015 WL 2445994, at *2 (Tenn. Crim. App., at Nashville, May 22, 2015); *State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, 2004 WL 2008168, at *1 (Tenn. Crim. App., at Knoxville, Sept. 9, 2004) ("Essentially, then, the defendant conceded an adequate basis for a finding that he had violated the terms of probation.")).

In addition to the Defendant's admission, we conclude that the State presented adequate proof that she did, in fact, violate her probation. A requirement of the Defendant's probation was that she would not use intoxicants of any kind or possess narcotic drugs. Further, she agreed to submit to drug screens as directed. The Defendant was also required to report to her Probation Officer as instructed and complete all referral programs. By the time of the hearing, the Defendant had tested presumptively positive on three drug screens, admitted to drug use, failed to report to Mr. Vincent after unsuccessful discharge from the Crossville Mission Bible Center, failed to complete Relapse Prevention, and failed to submit to an ordered drug screen; thus, the evidence supports the trial court's finding of a violation.

After the trial court found that the Defendant had violated the terms of her probation, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve her sentence in incarceration. The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

- 4 -

We conclude that the trial court did not abuse its discretion when it ordered the Defendant to serve the balance of her sentence in confinement. The Defendant repeatedly tested positive for drugs and admitted to drug use. The Defendant provided no explanation as to why she failed to report after unsuccessful discharge from a treatment program but said the discharge was because she wasn't "comfortable" with the available treatment. The Defendant testified that she had been "clean" for thirty-five days, the duration of her incarceration, and admitted that she was not "clean" prior to incarceration. The record supports the trial court's order requiring the Defendant to serve the remainder of the original sentence incarcerated.

The Defendant asserts that the trial court should have reinstated her probation sentence because this was her first violation; however, as stated above, a defendant is "not entitled to a second grant of probation." *Id.* The trial court correctly found that the Defendant had violated her probation and then, in its discretion, properly determined the consequence of the violation.

The Defendant also argues that the trial court improperly predetermined her sentence on the day of the probation violation hearing. The Defendant asserts that, on the day of the hearing, the trial court stated in open court that "defendants who opted to do open pleas that day would be executing on their sentences." In her brief, the Defendant states that neither she nor her attorney was present at the time of this statement but learned of the statement through conversations with others present in court at the time. She argues that, after the trial court made the alleged statement, the trial court "could not be perceived as impartial."

Initially, we agree with the State that the Defendant neither cited to the record on appeal in support of her argument nor did she present this issue for trial court review as required by Tennessee Rule of Appellate Procedure 36(a) to preserve the issue for appeal. Beyond the bare assertion in the Defendant's brief, the Defendant cites no testimony or other evidence in the record, to support this allegation. The record simply does not support the allegation of the Defendant that the trial court was not impartial. *See* Tenn. Ct. Crim. App. R. 10(b). Therefore, the Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____

ROBERT W. WEDEMEYER, JUDGE